**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHARLES STEVINSON; MUHAMMAD
ALI; ALLANAH CLEARY; ANNE COORS;
ITAF DAOU; GRETCHEN HEINRICH;
BARBARA KELLER; PATRICIA HAWLEY;
JOHN MCKEE; NORMAN KUHL,
Plaintiffs-Appellees,

and

FRANK BARNETT; CHARLES KROPP;                    No. 95-2619
EDMUND HOURIGAN,
Plaintiffs,

v.

DANIEL J. HOWLEY, M.D.;
ALFRED C. HIGGINS, M.D.; JANE A.
GEHLSEN, M.D.,
Defendants-Appellants.

Appeal from the United States District Court
for the District of South Carolina, at Beaufort.
Cameron McGowan Currie, District Judge.
(CA-93-1215-9-22)

Argued: September 27, 1996

Decided: October 29, 1996

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Joel Wyman Collins, Jr., COLLINS & LACY, P.C., Columbia, South Carolina; Albert Parker Barnes, Jr., PARKER A. BARNES, JR. & ASSOCIATES, Beaufort, South Carolina, for Appellants. Arthur Camden Lewis, LEWIS, BABCOCK & HAWKINS, L.L.P., Columbia, South Carolina, for Appellees. **ON BRIEF:** Rebecca M. Monroy, COLLINS & LACY, P.C., Columbia, South Carolina; David S. Black, PARKER A. BARNES, JR. & ASSOCIATES, Beaufort, South Carolina, for Appellants. Elmer P. Kulmala, Thomas A. Pendarvis, Anne D. Zuckerman, LEWIS, BABCOCK & HAWKINS, L.L.P., Columbia, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The plaintiffs, who are patients of Dr. Rajko D. Medenica, sued three other doctors associated with Hilton Head Hospital (the "Hospital"), alleging among other things that the three defendant doctors engaged in unfair and unreasonable peer review of Dr. Medenica in order to provoke the withdrawal of his privileges at the Hospital. After the district court granted the plaintiffs' motion to dismiss their action with prejudice, the court denied the motion of the three defendant doctors for attorneys' fees under Fed. R. Civ. P. 41(a)(2) and the Health Care Quality Improvement Act, 42 U.S.C. § 11101 et seq. (the "Act"). The defendants appeal the fee denial, and we affirm.

I.

According to the district court, Dr. Medenica used "controversial medical techniques" (intra-arterial therapy and plasmapheresis), JA

2

176, 172, and "[b]y the fall of 1990 criticism of Dr. Medenica's practices was a sensitive issue at the hospital," id. at 176. The Hospital's Medical Executive Committee appointed the three defendant doctors in this case, Daniel J. Howley, Alfred C. Higgins and Jane A. Gehlsen, as a "peer review" committee to evaluate Dr. Medenica's professional competence and conduct.

Certain actions by the defendants during peer review led several devoted patients of Dr. Medenica to conclude that the defendants were unfairly attempting to discredit him and deprive him of privileges at the Hospital. The result, the patients feared, would be that they could no longer be treated by Dr. Medenica. As a result of these concerns, several patients sued the three defendants, seeking damages for interference with the doctor-patient relationship and seeking to enjoin the defendants from interfering with Dr. Medenica's privileges at the Hospital. After discovery the defendants moved for summary judgment on the ground that they were immune from suit under the Act because they were simply undertaking a fair and reasonable peer review. See 42 U.S.C. §§ 11111, 11112. The district court, however, denied the summary judgment motion, noting that "several questionable acts of Defendants . . . raised a genuine issue of material fact as to the bona fides of Defendants in their purported peer review activities." JA 174.

In the meantime, there were other developments that affected this case. The Hospital came under new ownership and administration. Thereafter, the Hospital and Dr. Medenica negotiated an agreement that "allowed Dr. Medenica to continue treating his patients under certain prescribed conditions." Id. at 179. This satisfied the main concern of the plaintiffs and mooted their claim for injunctive relief. The plaintiffs therefore moved for a voluntary dismissal of their action with prejudice, and the defendants countered with a motion for attorneys' fees under Fed. R. Civ. P. 41(a)(2) (voluntary dismissal "at the plaintiff's instance" to be "upon such terms and conditions as the court deems proper") and section 11113 of the Act (allowing fees if, among other things, "the claim or the claimant's conduct during the litigation of the claim was frivolous, unreasonable, without foundation, or in bad faith").

The district court granted the motion to dismiss immediately, and the decision on the defendants' motion for attorneys' fees came after

3

further consideration. The district court's key factual determinations on the motion for fees may be summarized as follows:

> - One defendant, Dr. Gehlsen, wrote a derogatory letter to the American Cancer Society about Dr. Medenica. The letter contained "confidential medical information gained from Dr. Gehlsen's nighttime review of Dr. Medenica's patient files. Dr. Gehlsen had not secured the patients' permission to share this information." JA 177.

> - Another defendant, Dr. Howley, did the following: "As part of Dr. Howley's purported peer review of Dr. Medenica, Dr. Howley in 1990 telephoned certain of Dr. Medenica's patients and lied about his identity, calling himself `Dr. Smith' of Hilton Head Hospital." Id. at 179. The Medical Executive committee sharply reprimanded Dr. Howley for this conduct.

> - Another defendant, Dr. Higgins, wrote letters to several agencies and a health insurance company, "charg[ing] Dr. Medenica with `a variety of questionable medical and ethical practices.'" Id. at 180. Dr. Higgins improperly enclosed confidential peer review reports about Dr. Medenica with the letters.

> - The plaintiffs were aware of these activities by the defendants, and the plaintiffs "were faced with termination of their treatments by Dr. Medenica at the hospital." Id. at 183.**1**

The district court denied the defendants' motion for fees on the following grounds: (1) because of the plaintiffs' good faith and the factual support for their claims, an award of fees to the defendants would not be a proper term and condition of dismissal under Fed. R. Civ. P. 41(a)(2); (2) the Act does not bar damage suits by patients, it bars suits by doctors against those conducting fair and reasonable peer review; (3) even if the Act applies, the defendants were not entitled

_____

**1** The district court recognized that serious questions about Dr. Medenica's medical practices had been raised. But the court correctly noted that on the fees question, "Dr. Medenica's competence[was] not the issue." Id. at 184. Rather, "the focus [was] on whether Plaintiffs' claims were frivolous or asserted in bad faith." Id.

4

to attorneys' fees because their peer review activities did not meet the fairness and reasonableness requirements of section 11112(a) of the Act; (4) even if the Act applies and the defendants met the requirements of section 11112(a), the defendants were still not entitled to attorneys' fees because the plaintiffs' action was not "frivolous, unreasonable, without foundation, or in bad faith" (see section 11113); and (5) the defendants failed to submit a fair estimate of the amount of fees sought, as required by Fed. R. Civ. P. 54(d)(2)(B).

The defendants now appeal the fee denial.

II.

After reviewing the briefs and the joint appendix and considering the arguments of counsel, we affirm on the reasoning of the district court in its determination that the defendant doctors are not entitled to attorneys' fees under either Fed. R. Civ. P. 41(a)(2) or under section 11113 of the Act, assuming the Act applies. See Stevinson v. Howley, No. 9:93-1215-22 (D.S.C. August 11, 1995).[2]

AFFIRMED
_____

[2] Because fees are denied in any event, we do not decide whether the Act applies, whether the defendants met the fairness and reasonableness requirements of section 11112(a) of the Act or whether the defendants' motion for fees was deficient under Fed. R. Civ. P. 54(d)(2)(B) for failing to provide a fair estimate of the amount of fees sought.